**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Tiaron Germaine Ross,

        Petitioner,

v.

Charles L Ryan, et al.,

        Respondents.

No. CV-16-00030-TUC-RCC (EJM)

**REPORT AND RECOMMENDATION**

On January 13, 2016[1] Petitioner Tiaron Germaine Ross filed a pro se petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 challenging his conviction for second degree murder. (Doc. 1). Petitioner raises one ground for relief, alleging that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel: a) failed to prepare a defense; b) objected to a lesser included instruction on any theory of manslaughter; c) failed to advise Petitioner on how to prepare for cross examination and impeachment; and d) failed to call witnesses for the defense. Respondents filed an Answer contending that all of Petitioner's claims are procedurally defaulted without excuse and that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default of his claims. Petitioner concedes that his claims are procedurally defaulted but alleges that they are not

---

[1] While the PWHC is date stamped as filed by the Court on January 15, 2016, the Court will assume that Petitioner deposited his PWHC in the prison mailing system on the date indicated by his signature, January 13, 2016. In order to give Petitioner the benefit of the earliest date calculations, the Court makes this same assumption for all other documents filed by the Petitioner and included in the record for this matter, unless otherwise noted.

barred from habeas review pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. The undersigned finds that Petitioner's claims are procedurally defaulted and barred from this Court's review. The undersigned further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. Accordingly, the Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A Pima County Superior Court jury found Petitioner guilty of second degree murder. (Ex. D).[2] Petitioner was sentenced to 16 years imprisonment. *Id.* The Arizona COA summarized the facts of the case as follows:

> In 2003, Ross and the victim, D.H., were standing in the front yard of the house where Ross lived. Following an argument, both Ross and D.H. drew their guns. Many shots were fired. Ross shot D.H. six times; he died at the hospital. Ross was not injured.
>
> Nearly six years later, Ross was indicted for first-degree murder. During trial, Ross moved for a judgment of acquittal. The trial court granted his motion as to the first-degree murder charge but allowed the trial to proceed on the lesser-included offenses. Ross asserted the justification defenses of self-defense and crime prevention. The jury ultimately found him guilty of second-degree murder.

(Ex. I).

Following his conviction, Petitioner sought review in the Arizona COA. Appointed counsel filed a brief presenting four issues for review: 1) the court had a duty to sua sponte instruct the jury on the lesser included offense of manslaughter; 2) the court erred and abused its discretion by refusing to instruct the jury on the law of being a prohibited possessor; 3) the court erred and abused its discretion by denying Petitioner's Rule 20 motion when the evidence supported that Petitioner acted in self-defense; and 4) the court erred and abused its discretion by denying Petitioner's motion for a new trial

---

[2] All exhibit numbers refer to documents attached to the Respondent's Answer (Doc. 16).

because the court failed to conduct extensive voir dire to determine the effect of the Loughner case on the jurors' objectivity. (Ex. F).

The COA found no reversible error and affirmed Petitioner's conviction and sentence. (Ex. I). Petitioner did not file a petition for review with the Arizona Supreme Court.

## B. First Petition for Post-Conviction Relief

On March 15, 2011, Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief ("PCR").[3] (Ex. K). Appointed counsel filed a notice stating that she was unable to find any colorable claims for relief to raise in a Rule 32 petition, and requested additional time for Petitioner to file a pro se petition. (Ex. O). On February 14, 2013 Petitioner filed a motion to expand page limitations (Ex. R) and a pro se Rule 32 petition. (Ex. S). Petitioner presented three issues for review: 1) IAC at trial, sentencing, direct appeal, and Rule 32; 2) newly discovered evidence; and 3) sentencing error. (Ex. S). Petitioner specifically alleged that his trial counsel was ineffective for failing to impeach the State's witnesses, failing to call witnesses for the defense, and failing to request a lesser included instruction on manslaughter. *Id.* On February 21, 2013 Petitioner filed a motion to supplement his newly discovered evidence claim. (Ex. T). On March 4, 2013 the trial court issued an order ruling that it would not consider Petitioner's Rule 32 petition because it exceeded the 25-page limit, and further denying Petitioner's motion to supplement his newly discovered evidence claim. (Ex. U). The court granted Petitioner leave to file a petition that complied with the length requirements by April 8, 2013.

On April 5, 2013[4] Petitioner filed a motion for leave to exceed the page limit (Ex. V) and a Rule 32 supplemental brief (Ex. W). On April 12, 2013 the trial court issued an

---

[3] The trial court issued an order (Ex. L) staying Petitioner's March 15, 2011 notice of PCR because Petitioner's appeal was still pending when the notice was filed. Petitioner filed a second notice of PCR on June 4, 2012. (Ex. M).

[4] Petitioner's signature indicates that his motion and Rule 32 supplement brief were mailed on April 29, 2013; however, the Court assumes this is an error because the documents are stamped as filed on April 5, 2013. This discrepancy is not material to the Court's decision in this matter.

order denying Petitioner's motion for leave to exceed the page limit and dismissing Petitioner's June 12, 2012 notice of PCR. (Ex. X). The court noted that in its previous order dismissing Petitioner's first Rule 32 petition for exceeding the page limit, the court clearly stated that no amendments would be permitted except by leave of the court upon a showing of good cause, and that Petitioner had failed to show good cause to exceed the page limitation. *Id.*

On April 23, 2013 Petitioner filed a motion for rehearing and a new Rule 32 petition that complied with the page limitation and asked the court to reinstate his Rule 32 proceedings. (Exs. Y & Z). Petitioner alleged claims for: 1) IAC of trial, appellate, and Rule 32 counsel; 2) exclusion of African Americans on the jury; 3) denial of right to a public trial; 4) sentencing error; and 5) newly discovered evidence. (Ex. Z). On May 9, 2013, the trial court summarily denied Petitioner's motion for rehearing. (Ex. AA). The court noted that while Petitioner's amended Rule 32 petition complied with the 25-page limit, it was filed on April 30, 2013,[5] "long after" the court's April 8, 2013 deadline, and Petitioner had not shown good cause for failing to file a proper amended petition in the allotted time. The court further noted that while Petitioner cited *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), in support of his claim that failure to consider the Rule 32 petition would result in a fundamental miscarriage of justice, *Coleman* only applies to federal claims, and even if it did apply to PCR proceedings, Petitioner had failed to show cause and prejudice or a fundamental miscarriage of justice.

Petitioner did not file a petition for review with the Arizona COA.

### C. Second Petition for Post-Conviction Relief

On June 4, 2013 Petitioner filed a second notice of PCR and a supporting memorandum. (Ex. BB). Petitioner alleged claims of IAC, newly discovered evidence, and abuse of discretion by the trial court. On August 9, 2013 the trial court issued a notice accepting the filing as a petition for PCR, denying Petitioner's request for counsel,

---

[5] While these pleadings were stamped as filed by the court on April 30, 2013, Petitioner's signature indicates that he mailed them on April 23, 2013. In any event, the motion and Rule 32 petition were submitted after the expiration of the April 8, 2013 deadline.

and ordering the State to respond. (Ex. CC). On November 12, 2013 the trial court issued an order summarily dismissing all of Petitioner's claims, denying relief, and dismissing Petitioner's second PCR proceedings. (Ex. HH). As to Petitioner's IAC claim, the court specifically noted that Petitioner "failed to provide any support for his claim."

On December 10, 2013 Petitioner filed a petition for review with the Arizona COA and presented four issues for review: 1) whether Anthony St. Clair's affidavit constituted newly discovered evidence; 2) whether IAC denied Petitioner the right to a fair trial; 3) whether the trial court abused its discretion in denying Petitioner's motion for a new trial based on prosecutorial misconduct; and 4) whether the trial court abused its discretion when it allowed evidence of Petitioner's prior bad acts. (Ex. II). On April 22, 2014 the COA issued an order granting review and denying relief. (Ex. JJ). The court noted that the trial court correctly found that Petitioner failed to provide any support for his IAC claim, and further that because Petitioner did not raise the specific arguments below that he presented in his petition for review, the COA would not address them.

Petitioner filed two petitions for review with the Arizona Supreme Court, which the court denied. (Exs. KK, LL, & MM). On March 26, 2015 the COA issued its mandate. (Ex. NN). Petitioner filed his PWHC in this Court on January 13, 2016. (Doc. 1).

**II.     STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by § 2254(d). Finally, even if a constitutional error is found, a petitioner is not entitled to relief if the error was harmless.

*Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (on collateral review in § 2254 cases, court will deem an error harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict").

## A. Exhaustion

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin*, 541 U.S. at 29 ("To provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims

in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

## B. Procedural Default

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal

law." *Martinez*, 566 U.S. at 10. Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

## III. ANALYSIS

Petitioner alleges one ground for relief, stating that his Sixth Amendment right to the effective assistance of counsel was violated when trial counsel: a) failed to prepare a defense; b) objected to a lesser included instruction on any theory of manslaughter, whether based on sudden quarrel, heat of passion, or recklessness; c) failed to advise Petitioner on how to prepare for cross examination and impeachment; and d) failed to call witnesses for the defense. For the reasons explained below, the undersigned finds that Petitioner's claims are unexhausted and procedurally defaulted and not properly before this Court for review. The undersigned further finds that *Martinez* does not apply to excuse the default of Petitioner's claims.

In Arizona, exhaustion is satisfied if a petitioner presents the federal basis of his claims to the COA through either the direct appeal process or PCR proceedings. "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32; *see also Castillo*, 399 F.3d at 1000 (to exhaust a claim, the petitioner must have presented his federal constitutional issue before the appropriate state court "within the four corners of his appellate briefing.").

Here, sub claims a and c were never presented to the state courts in any of Petitioner's direct appeal or Rule 32 proceedings. Accordingly, the Court finds that these claims are unexhausted. While sub claims b and d were presented in several forms to the state courts, they were not presented in a procedurally appropriate manner and are thus also unexhausted. *See O'Sullivan*, 526 U.S. at 845 (to properly exhaust a habeas claim, a petitioner must "invoke[e] one complete round of the State's established appellate review process"); *Baldwin*, 541 U.S. at 29. For example, in his first pro se Rule 32 Petition (Ex. S), Petitioner raised IAC claims based on counsel objecting to the manslaughter instruction and failing to call witnesses for the defense. However, this petition was never considered by the trial court because it exceeded the 25-page limit. Petitioner again included these claims in his amended Rule 32 petition that did comply with the page limitation (Ex. Z), but the court denied the petition as untimely. Thus, neither of Petitioner's Rule 32 petitions in his first round of PCR proceedings were actually considered by the trial court, nor did Petitioner file a petition for review with the COA.

In the memorandum Petitioner submitted with his second notice of PCR, Petitioner presented the issue of "whether ineffective counsel failed at every critical stage denying defendant Tiaron Germaine Ross constitutional guaranteed rights under the law—cumulative errors." (Ex. BB at 6). However, Petitioner did not elaborate on what these IAC claims were and instead focused his memorandum on the argument that Anthony St. Clair's affidavit constituted newly discovered evidence. In his Reply to the State's

Response, Petitioner did not even mention his IAC claims but again focused on the newly discovered evidence claim, as well as his abuse of discretion/prosecutorial misconduct claim. (Ex. GG). Thus, Petitioner did not fairly present sub claims b and d to the trial court in his second round of PCR proceedings. In his petition for review to the Arizona COA, Petitioner alleged that trial counsel was ineffective for failing to voir dire an impartial jury, failing to impeach three State witnesses, failing to introduce the character and reputation of the victim, failing to call witnesses for the defense, and failing to request a lesser included instruction on manslaughter. (Ex. II at 12–13). In its order granting review and denying relief, the COA found that the trial court properly dismissed Petitioner's IAC claim because he failed to provide any support for it. (Ex. JJ). The COA further noted that it would not address Petitioner's IAC claims because Petitioner failed to present those specific arguments to the trial court, and the COA does not address arguments raised for the first time on appeal. *Id.* Thus, the state court applied an express procedural bar and this Court is precluded from addressing the merits of Petitioner's IAC claims on habeas review.

Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in state court. Accordingly, the undersigned finds that Petitioner's claims in Ground One are technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F. Supp. 2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n.1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 566 U.S. at 10; *Murray*, 477 U.S. at 488. While Petitioner alleges that *Martinez v. Ryan* applies to excuse the procedural default of his claims, that case is inapplicable to Petitioner's case. In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. In *Martinez*, appointed counsel filed a notice stating there were no colorable claims to raise on PCR, and Martinez never filed a pro se petition.

Here, Petitioner argues that Rule 32 counsel was ineffective for failing to raise his meritorious IAC claims, and that counsel's ineffectiveness excuses the procedural default of his claims. However, as explained above, Petitioner did raise several IAC claims in both his original and his amended Rule 32 petitions during his first round of PCR proceedings. Neither petition was considered by the trial court because in the first instance the petition exceeded the page limit, and in the second instance the amended petition was untimely filed. Thus, Petitioner had two opportunities to properly present his IAC claims to the trial court during his first round of PCR proceedings, but in both instances the court declined to consider his improperly filed petitions. Furthermore, Petitioner never filed a petition for review with the COA after his first PCR proceedings were dismissed, and exhaustion requires that Petitioner present his claims to the state

courts in a procedurally appropriate manner. In addition, Petitioner failed to properly exhaust his IAC claims during his second round of PCR proceedings by only making his specific IAC arguments in his petition for review to the COA, but failing to make any specific arguments in his Rule 32 petition to the trial court. Petitioner did not have appointed counsel during his second PCR proceedings and thus cannot assert cause for his procedural default based on an alleged error of counsel. Further, the Supreme Court specifically held that *Martinez* "does not concern attorney errors in . . . appeals from initial-review collateral proceedings, [or] second or successive collateral proceedings[.]" 566 U.S. at 16.

In sum, Petitioner attempts to blame Rule 32 counsel for the procedural default of his claims, but it is Petitioner himself who caused the default when he did in fact raise the IAC claims in his pro se petitions during his first PCR proceedings, but did so improperly by first filing a Rule 32 petition that exceeded the page limitation, and then failing to timely file a compliant petition by the deadline set by the trial court. Petitioner then had a second chance to properly exhaust his IAC claims during his second round of PCR proceedings, but again caused the default when he failed to present any specific IAC arguments to the trial court. *Martinez* only provides cause for defaults that are *caused* by PCR counsel, and in this case Petitioner bears the responsibility for failing to raise his IAC claims in a timely, properly filed petition, and then properly exhausting those claims to the COA. *See Castillo v. Ryan*, 2013 WL 3282547 (D. Ariz. June 28, 2013) (default not excused under *Martinez* where petitioner fired his Rule 32 counsel, filed a pro se petition late, and claims were denied as untimely), *aff'd*, 603 F. App'x 598 (9th Cir. 2015); *Cook v. Smith*, 2013 WL 2458531, *6 (D. Idaho June 6, 2013) (petitioner's claims were defaulted because he failed to file a petition for review with the state supreme court, not because of ineffective assistance of PCR counsel—"the cause of the *default* of Petitioner's claims is Petitioner's decision to forgo filing a petition for discretionary review"); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made

insufficient effort to pursue in state proceedings.").[6]

[6] Further, for Petitioner to rely upon *Martinez*, Petitioner must "demonstrate[e] two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S. Ct. at 1318); *see also Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("In order to show ineffectiveness of PCR counsel, [a petitioner] must show that PCR counsel's failure to raise the claim that trial counsel was ineffective was an error 'so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' and caused [the petitioner] prejudice." (quoting *Strickland*, 466 U.S. at 687)). "Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, *Knowles v. Mirzayance*, 556 U.S. 111, 127, 129 S. Ct. 1411, 173 L.Ed.2d 251 (2009), so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless. Accordingly, a PCR counsel would not be ineffective for failure to raise an ineffective assistance of counsel claim with respect to trial counsel who was not constitutionally ineffective." *Sexton*, 679 F.3d at 1157.

The undersigned finds that even if *Martinez* did apply here, Petitioner has not shown cause to excuse the procedural default of his IAC claims because Rule 32 counsel could have evaluated the merits of the claims and made a tactical decision not to pursue them. *See Gustave v. U.S.*, 627 F.2d 901, 904 (1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."); *Strickland*, 466 U.S. at 689, 690 (acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel, and "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Specifically as to Petitioner's charge that trial counsel was ineffective for objecting to a lesser included instruction on manslaughter, the record reflects that when counsel made his Rule 20 motion, he argued that this was a clear case of self-defense and there was no evidence of premeditation supporting first degree murder. (Ex. PP at 58). The court granted the motion as to premeditated murder. *Id.* at 73. At the close of trial, the court discussed proposed jury instructions with counsel. Petitioner's counsel objected to an instruction on any theory of manslaughter, while counsel for the State felt an instruction on sudden quarrel should be given because there was an issue about whether the jury would believe Petitioner in full, in part, or not at all. *Id.* at 146. The court ruled that:

> Based on the state of the evidence, I'm going to decline to instruct the jury on manslaughter, sudden quarrel or heat of passion finding that there's insufficient evidence to support the adequate provocation.

> I will decline to instruct the jury on reckless second degree murder or reckless manslaughter finding that the evidence does not support reckless conduct on the part of the defendant, in particular that the victim was struck by six out of the seven shots fired.

*Id.* at 149. Thus, while Petitioner argues counsel was ineffective for objecting to a manslaughter instruction, Petitioner cannot show prejudice under *Strickland* because the trial court found that the evidence did not support an instruction on any theory of manslaughter. *See Strickland*, 466 U.S. at 684 (a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors).

- 13 -

Accordingly, the undersigned finds that Ground One is technically exhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of this claim should therefore be denied.

**IV.    RECOMMENDATION**

In conclusion, the Magistrate Judge **RECOMMENDS** that the District Court **DENY** Petitioner Tiaron Germaine Ross's Petition for Writ of Habeas Corpus. (Doc. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id*. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States* v. *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 2nd day of July, 2018.

_____
Eric J. Markovich
United States Magistrate Judge